NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0003n.06

No. 25-1211

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>JOHN RANKIN,</td><td>)</td><td></td></tr>
<tr><td style="padding-left:2em">Petitioner-Appellant,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>ON APPEAL FROM THE UNITED</td></tr>
<tr><td>v.</td><td>)</td><td>STATES DISTRICT COURT FOR</td></tr>
<tr><td></td><td>)</td><td>THE EASTERN DISTRICT OF</td></tr>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td>MICHIGAN</td></tr>
<tr><td style="padding-left:2em">Respondent-Appellee.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>OPINION</td></tr>
</table>

**FILED**
Jan 05, 2026
KELLY L. STEPHENS, Clerk

Before: McKEAGUE, GRIFFIN, and THAPAR, Circuit Judges.

PER CURIAM. John Rankin appeals the district court's order denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. As set forth below, we affirm the district court's order.

Rankin pleaded guilty to a second superseding indictment charging him with conspiracy to possess with intent to distribute controlled substances and two counts of attempted possession with intent to distribute controlled substances, all in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. Rankin's plea agreement included a provision waiving any right to appeal his conviction as well as his right to appeal his sentence if it did not exceed the Guidelines range determined by the district court. At sentencing, the district court calculated Rankin's guidelines range as 235 to 293 months based on a total offense level of 35 and a criminal history category of IV. Granting a downward variance from that range, the district court sentenced Rankin to 180 months of imprisonment followed by five years of supervised release. Rankin did not appeal.

A year later, Rankin filed a pro se § 2255 motion to vacate, claiming ineffective assistance of counsel. Rankin asserted, in relevant part, that he asked his counsel, Steven Scharg, to file a notice of appeal and that Scharg promised to file one but failed to do so. The district court appointed counsel and conducted an evidentiary hearing, during which Rankin and Scharg testified. Following the hearing, the district court denied Rankin's motion to vacate. With respect to his ineffective-assistance claim premised on Scharg's purported failure to file a notice of appeal, the district court determined that Rankin did not specifically direct the filing of a notice of appeal and that Scharg did not have a duty to consult with him about filing an appeal under the circumstances. The district court granted a certificate of appealability as to Rankin's claim that he directed Scharg to file a notice of appeal. This timely appeal followed.

On appeal from the denial of a § 2255 motion to vacate, we review the district court's factual findings for clear error and its legal conclusions de novo. *Bullard v. United States*, 937 F.3d 654, 658 (6th Cir. 2019). We review ineffective-assistance-of-counsel claims that involve mixed questions of law and fact de novo. *Gilbert v. United States*, 64 F.4th 763, 770 (6th Cir. 2023).

Rankin claimed that Scharg provided ineffective assistance by failing to file a notice of appeal as he requested. To establish ineffective assistance of counsel, a defendant must show (1) that counsel's performance was deficient and (2) that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). If counsel fails to file a notice of appeal that a defendant has requested, prejudice is presumed, even when the

defendant's plea agreement, like Rankin's, includes an appeal waiver. *Garza v. Idaho*, 586 U.S. 232, 237 (2019).

In his motion to vacate, Rankin asserted that Scharg promised to file a notice of appeal. At the evidentiary hearing, however, Rankin changed his story, admitting that this assertion in his motion was a "mistake." Rankin testified that he told Scharg that he wanted to file an appeal while they still in the courtroom following sentencing. According to Rankin, Scharg told him that he did not do appeals and that Rankin needed to find another attorney if he wanted to appeal. Rankin testified that he sent Scharg a follow-up text about wanting to appeal his case; Scharg told him again that he did not do appeals and that Rankin would have to get another attorney. But despite having copies of other texts with Scharg, Rankin did not have a copy of this text exchange.

Scharg disputed Rankin's version of the events. Scharg testified that, on the day of sentencing, Rankin did not mention wanting to file an appeal. Scharg did not recall talking with Rankin in the courtroom following sentencing or communicating with him since then. Scharg, an attorney with nearly 35 years of experience who had represented hundreds of defendants in federal court, maintained that, if Rankin had asked him to file an appeal, he would have done so "immediately." Scharg explained: "And I would do that in any case where a . . . defendant asked me to file an appeal, because I don't want to be in the same position I am now. I'd file the notice of appeal to preserve the right, regardless."

Based on this record, the district court determined that Rankin did not specifically direct Scharg to file a notice of appeal. The district court's factual determination was not clearly erroneous. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985) ("[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses,

each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error.").

The district court went on to address whether Scharg provided ineffective assistance by failing to consult with Rankin about filing an appeal, even though Rankin did not make this argument in his motion to vacate. "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480. "In all cases, though, courts must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct, and judicial scrutiny of counsel's performance must be highly deferential." *Neill v. United States*, 937 F.3d 671, 676 (6th Cir. 2019) (citation modified).

Rankin argues that a rational defendant would have wanted to appeal because there were nonfrivolous grounds for appealing his sentence. *See Flores-Ortega*, 528 U.S. at 480. According to Rankin, his appeal waiver would not have foreclosed a sentencing appeal because, during his plea colloquy, the district court misstated the terms of the plea agreement's provision waiving his right to appeal his sentence. *See United States v. Melvin*, 557 F. App'x 390, 393–96 (6th Cir. 2013). Rankin contends that he could have raised his objection to the scoring of his criminal history points, which the district court overruled at sentencing. According to Rankin, the removal of the challenged criminal history points would have reduced his criminal history category from IV to III and correspondingly reduced his guidelines range from 235 to 293 months to 210 to 262 months. Rankin further asserts that he could have challenged the substantive reasonableness of his sentence.

But Rankin received a 180-month sentence, which the district court described as a "substantial downward variance." Scharg testified that this downward variance was a "gift" and left him "in shock." Under these circumstances, where Rankin pleaded guilty pursuant to a plea agreement including an appellate-waiver provision and received a substantial downward variance, there is no reason to think that a rational defendant would have wanted to appeal. *See Flores-Ortega*, 528 U.S. at 480.

Rankin also argues that he reasonably demonstrated to Scharg that he was interested in appealing, pointing to his prior interest in appealing the district court's denial of his bond motion. Shortly after his guilty plea, Rankin moved to revoke his detention order and set conditions of release to allow him to obtain surgery before serving his sentence. The district court denied his motion. Rankin and Scharg discussed appealing the bond decision but did not go forward with an interlocutory appeal after Rankin received medical attention.

Rankin sought his release on bond for a specific medical reason. Given the limited nature of Rankin's bond motion, there is no reason to think that his earlier interest in appealing the bond decision reasonably demonstrated to Scharg that he was later interested in appealing his sentence.

Because Rankin has not established that he alerted Scharg of his desire to file a notice of appeal or that a rational defendant would have wanted to appeal, we find that Scharg's conduct was not deficient under *Strickland*. 466 U.S. at 687. Rankin has thus failed to demonstrate that the district court erred in rejecting his ineffective-assistance claim premised on Scharg's failure to file a notice of appeal. Accordingly, we **AFFIRM** the district court's order denying Rankin's motion to vacate.